JOHN ANTONI  (State Bar No. 163738)
ANTONI ALBUS, LLP
11836 W. Pico Boulevard
Los Angeles, CA 90064
Phone: 310-954-8020
Facsimile: 310-954-8988
Email: antoni@aallp.net

Attorneys for Plaintiff SiRF Technology, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SiRF TECHNOLOGY, INC., | Case No. CV 09-4013 MHP |
| Plaintiff, | **PLAINTIFF SiRF TECHNOLOGY INC.'S ANSWER TO DEFENDANT ORRICK, HERRINGTON & SUTCLIFFE LLP'S COUNTERCLAIM (DENOMINATED CROSS-COMPLAINT)** |
| v. | |
| ORRICK, HERRINGTON & SUTCLIFFE LLP, | |
| Defendant. | |

Plaintiff SiRF Technology, Inc., by counsel and pursuant to Fed.R.Civ.P. 12 (a)(1)(B), files this answer to Defendant Orrick, Herrington & Sutcliffe LLP's counterclaim (denominated as a cross-complaint), responding first to the numbered paragraphs in the counterclaim and then setting forth certain other defenses.

---

Plaintiff's Answer To Defendant's Counterclaim CV 09-4013 MHP

1. Admitted.

2. Admitted.

3. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegation that Orrick's attorneys are duly licensed in the jurisdictions in which they practice law. Otherwise, admitted.

4. Admitted.

5. Admitted that Defendant performed legal services, incurred expenses, and made purchases. Otherwise, denied.

6. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations.

7. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations.

8. Admitted that the ITC investigations were complex and required substantial, sophisticated legal analysis and that Defendant charged a great many hours to Plaintiff. Otherwise, denied.

9. Denied.

10. Admitted that Defendant submitted invoices for legal services, costs and goods, and on information and belief admitted that the invoices totaled approximately $13.7 million. Otherwise, denied.

11. Admitted that Plaintiff has paid more than $7 million. Otherwise, denied.

12. Denied.

13. Admitted that SiRF discharged Orrick on or about November 11, 2008 in the ITC investigations and at various times retained other counsel in connection with those investigations. Otherwise, denied.

14. Admitted that Plaintiff employed new counsel to represent it in the ITC investigations and that new counsel obtained a portion of Orrick's files and work product. Otherwise, denied.

15. Admitted that Plaintiff has paid more than $7 million. Otherwise, denied.

16. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations.

17. Pursuant to Fed.R.Civ.P. 10(c), the responses to Paragraphs 1 through 16 are incorporated herein by reference.

18. Admitted.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Pursuant to Fed.R.Civ.P. 10(c), the responses to Paragraphs 1 through 16 are incorporated herein by reference.

24. Admitted that Defendant contracted to perform legal services for Plaintiff, performed certain legal services, and incurred certain expenses. Otherwise, denied, including that Defendant acted or performed correctly.

25. Denied.

26. Denied.

27. Denied.

28. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations.

29. Denied.

30. Pursuant to Fed.R.Civ.P. 10(c), the responses to Paragraphs 1 through 16 are incorporated herein by reference.

31. Admitted that Defendant purchased goods in connection with its provision of legal services. Otherwise, denied.

32. Admitted that the May 25, 2007 retainer agreement provided for Plaintiff to reimburse Defendant for certain disbursements. Otherwise, denied.

33. Denied.

34. Denied.

Plaintiff's Answer To Defendant's Counterclaim CV 09-4013 MHP

35. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations.

36. Denied.

37. Pursuant to Fed.R.Civ.P. 10(c), the responses to Paragraphs 1 through 16 are incorporated herein by reference.

38. Denied.

39. Admitted that Plaintiff has paid more than $7 million. Otherwise, denied.

40. Denied.

41. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations.

42. Denied.

43. In response to Defendant's Prayer for Relief, and paragraphs 1-7 therein, Plaintiff denies that Defendant is entitled to any of the relief for which it has prayed or to any other relief.

44. All allegations not specifically admitted herein are denied.

**FIRST DEFENSE:**
**FAILURE TO STATE A CLAIM**

The counterclaim fails to state a claim upon which relief can be granted.

**SECOND DEFENSE:**
**FAILURE OF CONSIDERATION AND**
**EXCUSE OF PERFORMANCE BY SUBSTANTIAL BREACH**

Defendant substantially breached its contract with Plaintiff, including by failing to provide the promised quality legal representation, by failing to properly, competently and with due care represent Plaintiff, by negligently representing Plaintiff, by failing to properly advise and make disclosures to Plaintiff regarding missed court deadlines, litigation risk and conflicts of interest, by failing to provide Plaintiff or its attorneys with all documents relating to Defendant's representation of Plaintiff, and by charging Plaintiff unreasonable and excessive fees. Defendant's breach excused Plaintiff from any contractual obligation that otherwise existed and constituted a failure of consideration.

### THIRD DEFENSE:
### BREACH OF FIDUCIARY DUTY

By its acts and omissions during and after its representation of Plaintiff, including as particularized in the Second Defense asserted above, Defendant breached its fiduciary duties to Plaintiff.

### FOURTH DEFENSE:
### NEGLIGENCE

Defendant breached its duties of care owed to Plaintiff, negligently performed legal services for Plaintiff, and negligently incurred expenses in connection with those services.

### FIFTH DEFENSE:
### COMPARATIVE NEGLIGENCE/FAULT

Defendant failed to exercise ordinary care, caution or prudence to protect its own interests. Accordingly, the resulting damages sustained by Defendant, the existence of which Plaintiff denies, were proximately caused by Defendant's own conduct. Defendant is guilty of comparative negligence and comparative fault.

### SIXTH DEFENSE:
### VIOLATIONS OF ETHICS RULES

Defendant violated ethics rules regarding duties to clients, regarding competent representation, regarding protection of client interests, regarding candor and disclosure to clients concerning missed deadlines, conflicts of interest and litigation risk, regarding the reasonableness of fees and proper billing, and regarding release to clients of documents related to and generated in the course of representation of the client.

### SEVENTH DEFENSE:
### UNCLEAN HANDS

Defendant has unclean hands as a consequence of its acts and omissions during and after its representation of Plaintiff, which included negligently representing Plaintiff, failing to make necessary disclosures to Plaintiff regarding missed deadlines, conflicts of interest and litigation risk, charging excessive or unauthorized fees and expenses, and failing to provide Plaintiff or its

attorneys with all documents regarding Defendant's representation when Plaintiff requested them.

## EIGHTH DEFENSE:
## EXCESSIVE, UNREASONABLE AND UNCONSCIONABLE FEES

Defendant's bills were inaccurate, excessive, unreasonable and unconscionable, and those bills and the claims in Defendant's counterclaim included services and sums not authorized by and inconsistent with Defendant's contract with Plaintiff, which violated the parties' contract, applicable ethical rules and public policy.

## NINTH DEFENSE:
## EQUITABLE ESTOPPEL AND INEQUITABLE CONDUCT

Defendant is equitably estopped from seeking payment of sums not billed to Plaintiff, sums which Defendant agreed not to bill to Plaintiff and sums billed after Plaintiff terminated Defendant's representation of Plaintiff. Defendant is further equitably estopped from asserting quasi-contractual or equitable claims by its failure to do equity, and by its inequitable conduct, during and after its representation of Plaintiff, including as particularized in the Second Defense above.

## TENTH DEFENSE:
## WAIVER

Defendant waived, by agreement and by failing to bill or invoice, any claim to be paid for unbilled fees or expenses, and waived its claim to be paid for any fees or services by its inequitable conduct during and after its representation of Plaintiff, including as particularized in the Second Defense above.

## ELEVENTH DEFENSE:
## FAILURE TO MITIGATE DAMAGES

Defendant failed to mitigate its alleged damages.

Plaintiff's Answer To Defendant's Counterclaim CV 09-4013 MHP

### TWELFTH DEFENSE:
### OFFSET AND RECOUPMENT

Any recovery by Defendant on its counterclaim is subject to set-off and recoupment in those amounts for which Plaintiff obtains judgment on the claims asserted in Plaintiff's complaint.

### THIRTEENTH DEFENSE:
### ADEQUATE REMEDY AT LAW UNDER CONTRACT

Defendant's quasi-contractual or equitable claims for quantum meruit, unjust enrichment, and quantum valibrant, and its prayer for equitable remedies, are barred because Defendant's rights are controlled by contract, as are the remedies available to it in an action at law to enforce the contract.

### FOURTEENTH DEFENSE:
### LACK OF CONTRACTUAL OR OTHER AUTHORITY

Defendant was not authorized to contract for or incur certain of the expenses for goods or services that it billed to Plaintiff, and certain of the fees it billed to Plaintiff were not authorized by the contract between the parties.

### FIFTEENTH DEFENSE:
### CONTRACT MODIFICATION AND PROMISSORY ESTOPPEL

After entering its contract with Plaintiff, Defendant modified that contract and agreed not to bill or seek fees based on all of the time it expended or the full value of that time.  There was good and sufficient consideration for that agreement, and Plaintiff relied on Defendant's promise and agreement regarding billing in that it made certain payments to Defendant.  Defendant is estopped now to seek judgment for unbilled fees, and its claim to recover such fees violates the parties' modified contract.

### SIXTEENTH DEFENSE:
### PAYMENT

Plaintiff paid Defendant approximately $7 million, which equaled or exceeded the value of legal services, other services and expenses that Defendant billed to Plaintiff, such that Plaintiff has made payment of all sums that could be due to Defendant.

**SEVENTEENTH DEFENSE:**
**ACCORD AND SATISFACTION**

Defendant's claims for payment of unbilled fees and expenses are barred by the doctrine of accord and satisfaction.

**EIGHTEENTH DEFENSE:**
**NON-OCCURRENCE OF CONDITION PRECEDENT**

Defendant's obligation to render competent legal services that fulfilled all of its duties to Plaintiff was a condition precedent to any contractual right to payment from Plaintiff. Defendant never fulfilled this condition, in that it negligently represented Plaintiff, failed to properly advise and make required disclosures to Plaintiff, including with respect to litigation risk, conflict of interest and failure to meet court deadlines, and charged Plaintiff unreasonable and excessive fees.

**NINETEENTH DEFENSE:**
**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

Defendant breached its contractual duty of good faith and fair dealing by its negligent representation, by charging unreasonable and excessive fees, by its failure to inform Plaintiff regarding risks and missed deadlines, and by its failure to provide Plaintiff or its attorneys with all documents related to Defendant's representation of Plaintiff.

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38, Plaintiff demands trial by jury on all issues, claims and defenses that are presented in this action and that are properly tried to a jury.

Dated: September 21, 2009                     Respectfully submitted,


  /s/ John Antoni
John Antoni (State Bar No. 163738)
Antoni Albus, LLP
11836 W. Pico Boulevard
Los Angeles, CA 90064
Phone (310) 954-8020
Facsimile (310) 954-8988
Antoni@aallp.net

And


  /s/ Mark W. Foster
Mark W. Foster*
Michael R. Smith (Admitted in N.D. Cal.)
Thomas B. Mason*
Lisa J. Stevenson*
Jason Acton*
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
(202) 778-1800
msmith@zuckerman.com
mfoster@zuckerman.com
tmason@zuckerman.com
lstevenson@zuckerman.com
jacton@zuckerman.com

Attorneys for Plaintiff SiRF Technology, Inc.

* Admitted *pro hac vice* by Order filed September 18, 2009.

**ATTESTATION OF CONCURRENCE BY SIGNATORIES**

I hereby attest that concurrence in the filing of the foregoing document has been obtained from each of the signatories to this document, namely Mark W. Foster.

                                          */s/ John Antoni*
                                          John Antoni

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of September 2009, I electronically filed the foregoing answer with the Clerk of the Court using the Court's CM/ECF system, which will send an electronic Notice of Filing to each of the following:

| | |
|---|---|
| John L. Cooper | Christopher Scott Andrews |
| Jcooper@fbm.com | sandrews@fbm.com |
| brestivo@fbm.com | mzappas@fbm.com |
| calendar@fbm.com | calendar@fbm.com |

                                               ____/s/ John Antoni_____
                                               John Antoni