John Antoni (State Bar No. 163738)
ANTONI ALBUS, LLP
11836 W. Pico Boulevard
Los Angeles, CA 90064
Phone: 310-954-8020
Facsimile: 310-954-8988
Email: antoni@aallp.net

Attorneys for Plaintiff
SiRF TECHNOLOGY, INC.

John L. Cooper (State Bar No. 50324)
   jcooper@fbm.com
Grace K. Won (State Bar No. 178258)
   gwon@fbm.com
Matthew A. Hollander (State Bar No. 240361)
   mhollander@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant
ORRICK, HERRINGTON & SUTCLIFFE LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SiRF TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ORRICK, HERRINGTON & SUTCLIFFE LLP, <br><br> Defendant. | Case No. C 09-04013 MHP <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING NON-ITC AND ITC MATERIALS |

1.    PURPOSES AND LIMITATIONS

   1.1   <u>Non-ITC Materials.</u> Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special

1  protection from public disclosure and from use for any purpose other than prosecuting this
2  litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court
3  to enter the following Stipulated Protective Order. The parties acknowledge that this Order does
4  not confer blanket protections on all disclosures or responses to discovery and that the protection
5  it affords extends only to the limited information or items that are entitled under the applicable
6  legal principles to treatment as confidential. The parties further acknowledge, as set forth in
7  Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential
8  information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and
9  reflects the standards that will be applied when a party seeks permission from the court to file
10 material under seal, except as otherwise provided in Section 10 below with respect to material
11 protected as "Confidential Business Information" by the International Trade Commission.

12   1.2   ITC Materials. The parties may seek documents and information designated
13 "Confidential Business Information" pursuant to certain protective orders entered *In the Matter of*
14 *Certain GPS Devices and Products Containing Same*, Inv. No. 337-TA-602, and *In the Matter of*
15 *Certain GPS Chips, Associated Software and Systems and Products Containing Same*, Inv. No.
16 337-TA-596, in the United States International Trade Commission ("ITC"). Such information
17 may be used by counsel, experts and witnesses in this case, in which it is relevant because the
18 claims herein concern legal malpractice in the underlying ITC Investigations, subject to the
19 provisions of this Stipulated Protective Order, which continues in place the material protections
20 afforded by the ITC Protective Orders.

21 2.   DEFINITIONS

22   2.1   Party: any party to this action, including all of its officers, directors, employees,
23 partners, consultants, retained experts, and outside counsel (and their support staff).

24   2.2   Disclosure or Discovery Material: all items or information, regardless of the
25 medium or manner generated, stored, or maintained (including, among other things, testimony,
26 transcripts, or tangible things) that are produced or generated in disclosures or responses to
27 discovery in this matter.

28

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means. All ITC Confidential Business Information shall be deemed to be designated "Highly Confidential – Attorneys' Eyes Only" pursuant to this Protective Order.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only," including all items or information previously designated "Confidential Business Information" pursuant to the protective orders issued in the ITC Investigations.

2.9 Outside Counsel: attorneys who are not partners or employees of a Party but who are retained to represent or advise a Party as counsel in this action and whose firm has appeared as counsel in this action.

2.10 House Counsel: attorneys who are partners or employees of a Party.

2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and (a) who is not a past or a current employee of a Party or of a

1  competitor of SiRF or otherwise affiliated with a Party to this action; (b) who, at the time of
2  retention, is not anticipated to become an employee of a Party or of a competitor of SiRF; and (c)
3  is not a current employee of any domestic or foreign manufacturer, wholesaler, retailer, or
4  distributor of products, devices or component parts which were the subject to the ITC
5  Investigations or this proceeding. This definition includes a professional jury or trial consultant
6  retained in connection with this litigation.

7      2.13    Professional Vendors: persons or entities that provide litigation support services
8  (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,
9  storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

10     2.14    ITC Investigations: Collectively refers to *In the Matter of Certain GPS Devices*
11 *and Products Containing Same,* Inv. No. 337-TA-602, and *In the Matter of Certain GPS Chips,*
12 *Associated Software and Systems and Products Containing Same*, Inv. No. 337-TA-596, before
13 the United States International Trade Commission ("ITC").

14     2.15    ITC Confidential Business Information: all items or information previously
15 designated "Confidential Business Information" pursuant to the protective orders issued in the
16 ITC Investigations.

17 3.    SCOPE

18     The protections conferred by this Stipulation and Order cover not only Protected Material
19 (as defined above), but also any information copied or extracted therefrom, as well as all copies,
20 excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by
21 parties or counsel to or in court or in other settings that might reveal Protected Material.

22 4.    DURATION

23     Even after the termination of this litigation, the confidentiality obligations imposed by this
24 Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order
25 otherwise directs.

26 5.    DESIGNATING PROTECTED MATERIAL

27     5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party
28 or non-party that designates information or items for protection under this Order must take care to

1  limit any such designation to specific material that qualifies under the appropriate standards. A
2  Designating Party must take care to designate for protection only those parts of material,
3  documents, items, or oral or written communications that qualify – so that other portions of the
4  material, documents, items, or communications for which protection is not warranted are not
5  swept unjustifiably within the ambit of this Order.
6  Mass, indiscriminate, or routinized designations are prohibited. Designations that are
7  shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to
8  unnecessarily encumber or retard the case development process, or to impose unnecessary
9  expenses and burdens on other parties), expose the Designating Party to sanctions.
10  If it comes to a Party's or a non-party's attention that information or items that it
11  designated for protection do not qualify for protection at all, or do not qualify for the level of
12  protection initially asserted, that Party or non-party must promptly notify all other parties that it is
13  withdrawing the mistaken designation.
14  5.2  Manner and Timing of Designations. Except as otherwise provided in this Order
15  (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,
16  material that qualifies for protection under this Order must be clearly so designated before the
17  material is disclosed or produced.
18  Designation in conformity with this Order requires:
19  (a) for information in documentary form (apart from transcripts of depositions or
20  other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"
21  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that
22  contains protected material. If only a portion or portions of the material on a page qualifies for
23  protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making
24  appropriate markings in the margins) and must specify, for each portion, the level of protection
25  being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
26  EYES ONLY"). ITC Confidential Business Information produced or otherwise provided to a
27  person or entity bound by this Protective Order need not be re-labeled or re-marked but may
28  retain the marks put on such information in connection with the ITC Investigations, and as to

1  material designated as ITC Confidential Business Information shall be handled in accordance
2  with the provisions for protection of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
3  ONLY" protected materials.

4  A Party or non-party that makes original documents or materials available for inspection
5  need not designate them for protection until after the inspecting Party has indicated which
6  material it would like copied and produced. During the inspection and before the designation, all
7  of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
8  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants
9  copied and produced, the Producing Party must determine which documents, or portions thereof,
10 qualify for protection under this Order, then, before producing the specified documents, the
11 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
12 CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains
13 Protected Material. If only a portion or portions of the material on a page qualifies for protection,
14 the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making
15 appropriate markings in the margins) and must specify, for each portion, the level of protection
16 being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
17 EYES ONLY").

18 (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that
19 the Party or non-party offering or sponsoring the testimony identify on the record, before the
20 close of the deposition, hearing, or other proceeding, all protected testimony, and further specify
21 any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS'
22 EYES ONLY." When it is impractical to identify separately each portion of testimony that is
23 entitled to protection, and when it appears that substantial portions of the testimony may qualify
24 for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on
25 the record (before the deposition or proceeding is concluded) a right to have up to 20 days to
26 identify the specific portions of the testimony as to which protection is sought and to specify the
27 level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
28 ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately

designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order. Information that is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" should be disclosed in a hearing or at trial only during a non-public session and should not be made part of any public record of the proceeding.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge

1 promptly after the original designation is disclosed. Notwithstanding this provision, no Party
2 may challenge the prior designation of ITC Confidential Business Information.

3    6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating
4 Party's confidentiality designation must do so in good faith and must begin the process by
5 conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)
6 with counsel for the Designating Party. In conferring, the challenging Party must explain the
7 basis for its belief that the confidentiality designation was not proper and must give the
8 Designating Party an opportunity to review the designated material, to reconsider the
9 circumstances, and, if no change in designation is offered, to explain the basis for the chosen
10 designation. A challenging Party may proceed to the next stage of the challenge process only if it
11 has engaged in this meet and confer process first.

12    6.3    Judicial Intervention. A Party that elects to press a challenge to a confidentiality
13 designation after considering the justification offered by the Designating Party may file and serve
14 a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)
15 that identifies the challenged material and sets forth in detail the basis for the challenge. Each
16 such motion must be accompanied by a competent declaration that affirms that the movant has
17 complied with the meet and confer requirements imposed in the preceding paragraph and that sets
18 forth with specificity the justification for the confidentiality designation that was given by the
19 Designating Party in the meet and confer dialogue.

20    The burden of persuasion in any such challenge proceeding shall be on the Designating
21 Party. Until the court rules on the challenge, all parties shall continue to afford the material in
22 question the level of protection to which it is entitled under the Producing Party's designation.

23 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

24    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed
25 or produced by another Party or by a non-party in connection with this case only for prosecuting,
26 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only
27 to the categories of persons and under the conditions described in this Order. When the litigation
28

has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, partners, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author of the document or the original source of the information;

(h) persons who have had prior access to information designated

1  CONFIDENTIAL.

2      7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
3  Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the
4  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY
5  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

6      (a) the Receiving Party's Outside Counsel of record in this action, as well as
7  employees of said Counsel to whom it is reasonably necessary to disclose the information for this
8  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached
9  hereto as Exhibit A;

10     (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably
11 necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective
12 Order" (Exhibit A);

13     (c) the Court and its personnel;

14     (d) court reporters, their staffs, and professional vendors to whom disclosure is
15 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
16 Protective Order" (Exhibit A); and

17     (e) the author of the document or the original source of the information.

18     (f) persons who have had prior access to the information designated HIGHLY
19 CONFIDENTIAL – ATTORNEYS' EYES ONLY.

20 8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
21     LITIGATION</u>

22     If a Receiving Party is served with a subpoena or an order issued in other litigation that
23 would compel disclosure of any information or items designated in this action as
24 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the
25 Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately
26 and in no event more than three court days after receiving the subpoena or order. Such
27 notification must include a copy of the subpoena or court order.

28     The Receiving Party also must immediately inform in writing the Party who caused the

1  subpoena or order to issue in the other litigation that some or all the material covered by the
2  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must
3  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
4  caused the subpoena or order to issue.

5  The purpose of imposing these duties is to alert the interested parties to the existence of
6  this Protective Order and to afford the Designating Party in this case an opportunity to try to
7  protect its confidentiality interests in the court from which the subpoena or order issued. The
8  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its
9  confidential material – and nothing in these provisions should be construed as authorizing or
10 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11 9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

12 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
13 Material to any person or in any circumstance not authorized under this Stipulated Protective
14 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
15 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)
16 inform the person or persons to whom unauthorized disclosures were made of all the terms of this
17 Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to
18 Be Bound" that is attached hereto as Exhibit A.

19 10. FILING PROTECTED MATERIAL. Without written permission from the Designating
20 Party or a court order secured after appropriate notice to all interested persons, a Party may not
21 file in the public record in this action any Protected Material. A Party that seeks to file under seal
22 any Protected Material must comply with Civil Local Rule 79-5, subject to the following
23 exception: a responsive declaration otherwise required by Rule 79-5 subsection (d) is not
24 required if a Party wishes to file a document that has previously been designated ITC Confidential
25 Business Information by another party or non-party in the ITC Investigations, such ITC
26 Confidential Business Information automatically qualifying to be filed under seal.

27 11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing
28 Party, within sixty days after the final termination of this action, each Receiving Party must return

1 | all Protected Material to the Producing Party. As used in this subdivision, "all Protected
2 | Material" includes all copies, abstracts, compilations, summaries or any other form of
3 | reproducing or capturing any of the Protected Material. With permission in writing from the
4 | Designating Party, the Receiving Party may destroy some or all of the Protected Material instead
5 | of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must
6 | submit a written certification to the Producing Party (and, if not the same person or entity, to the
7 | Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all
8 | the Protected Material that was returned or destroyed and that affirms that the Receiving Party has
9 | not retained any copies, abstracts, compilations, summaries or other forms of reproducing or
10 | capturing any of the Protected Material.

11 | Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
12 | pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work
13 | product, even if such materials contain Protected Material. Any such archival copies that contain
14 | or constitute Protected Material remain subject to this Protective Order as set forth in Section 4
15 | (DURATION), above.

16 | 12. ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT. The Parties agree that the
17 | procedures set forth by Federal Rules of Civil Procedure govern any inadvertent production of
18 | documents and/or things subject to a claim of privilege or protection as trial-preparation material.

19 | 13. MISCELLANEOUS

20 | 13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to
21 | seek its modification by the Court in the future.

22 | 13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective
23 | Order no Party waives any right it otherwise would have to object to disclosing or producing any
24 | information or item on any ground not addressed in this Stipulated Protective Order. Similarly,
25 | no Party waives any right to object on any ground to use in evidence of any of the material
26 | covered by this Protective Order.

27
28

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 4, 2009

By: _____/s/ John Antoni_____
John Antoni (State Bar No. 163738)
ANTONI ALBUS, LLP
11836 W. Pico Boulevard
Los Angeles, CA 90064
Phone: 310-954-8020
Facsimile: 310-954-8988

and

By: _____/s/ Michael R. Smith_____
Michael R. Smith (Admitted in N.D. Cal.)
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, D.C. 20036
Phone: 202-778-1800
Facsimile: 202-822-8106

Attorneys for Plaintiff SiRF Technology, Inc.

DATED: December 4, 2009

By: _____/s/ John L. Cooper_____
John L. Cooper (State Bar No. 50324)
Farella Braun & Martell LLP
235 Montgomery Street
San Francisco, CA 94104
Phone: 415-954-4400
Facsimile: 415-954-4480

Attorneys for Defendant Orrick, Herrington & Sutcliffe LLP

**ATTORNEY'S E-FILING ATTESTATION**

As the attorney e-filing this document, and pursuant to General Order 45(X.)(B.), I hereby attest that John Antoni and Michael Smith have concurred in the filing of this document.

DATED: December 4, 2009

By: /s/ John L. Cooper
John L. Cooper

Attorneys for Defendant
ORRICK, HERRINGTON & SUTCLIFFE LLP

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: Dec. 14, 2009

The Honorable Marilyn H. Patel
United States District Judge

## EXHIBIT "A"

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *SiRF Technology, Inc. v. Orrick, Herrington & Sutcliffe LLP*, Case No. C 09-04013 MHP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                     [printed name]

Signature: _____
              [signature]